## George W. Simmons *vs.* Inhabitants of Nahant.

In order to gain a possessory title to land lying in common and undivided, there must be proof of acts of ownership done with an intent to assert a title thereto.

If the inhabitants of a town, through their committee, survey a portion of land lying in common and undivided, run the lines, put up stakes as monuments, and a row of posts marked with the name of the town, and afterwards, through one of their selectmen, proceed to erect a fence about the same, which is removed by others before its completion, this is enough to give to them a possessory title to the same as against strangers.

The *St.* of 1853, *c.* 114, incorporating the town of Nahant, and providing that it should be entitled to receive of the city of Lynn its proportion of all the corporate property then owned by Lynn, did not transfer or vest in Nahant the title to any real estate owned by Lynn.

Tort for breaking and entering the plaintiff's close in Nahant, and removing a fence upon the same.

At the trial in the superior court, before *Ames*, J., the plaintiff offered no written evidence of title, but proved that in April 1859 he was in actual possession of the premises, and had inclosed the same with a substantial fence, and in November of that year the defendants removed a portion thereof. He also testified that in 1853 or 1854 he bought an estate adjoining the premises, and used a way across the latter, and pastured his cows there, taking pains to exclude all other cattle from the place. It did not appear, however, that he pastured his cows there except by turning them out of his inclosure to roam as they pleased in the immediate neighborhood.

The defendants contended that the premises were formerly a portion of the common and undivided lands belonging to Lynn, and that under *St.* 1853, *c.* 114, incorporating the town of

Nahant, and providing, in § 2, that said town shall "be enti-tled to receive of the city of Lynn their proportion of all the corporate property now owned by said city of Lynn," the title of Lynn to the premises was transferred to and vested in the defendants. But the judge ruled that the statute did not have that effect. The defendants then introduced evidence to show that in 1855 a committee of the town surveyed the premises, run the lines, and put up a row of stakes as monuments, and in 1856 put up on the line so ascertained a row of cedar posts, about four rods apart, with the word "Nahant" branded on each post, which remained there until the spring of 1859, and that at this time one of their selectmen nearly completed the erection of a fence about the premises, when the plaintiff came and re-moved it. The judge ruled that these facts, if true, did not amount to an actual possession of the premises by the defend-ants, prior to the plaintiff's possession.

Evidence was also offered in respect to an ancient way across the disputed premises, which is not necessary to be stated in detail.

A verdict was returned for the plaintiff, and the defendants alleged exceptions.

*J. G. Abbott & D. Peabody*, for the defendants, cited *Barn stable* v. *Thacher*, 3 Met. 242; *Hubbard* v. *Little*, 9 Cush. 476; *Williston* v. *Morse*, 10 Met. 17; *Cook* v. *Rider*, 16 Pick. 186; *School District in Stoneham* v. *Richardson*, 23 Pick. 64. *St.* 1853, *c.* 114.

*S. B. Ives, Jr.* (*J. W. Perry* with him) for the plaintiff, in ad-dition to some of the cases cited by the defendants, cited *Wind-ham* v. *Portland*, 4 Mass. 384; *Richards* v. *Dagget*, Ib. 539; *Minot* v. *Curtis*, 7 Mass. 441; *Brunswick* v. *Dunning*, Ib. 445; *Hampshire* v. *Franklin*, 16 Mass. 86; *Shrewsbury* v. *Smith*, 14 Pick. 302.

CHAPMAN, J. Prior to the fencing of the land in controversy by the plaintiff in April 1859, the defendants had done enough to gain a possessory title as against strangers. The plaintiff was therefore obliged to rely upon earlier acts of his own, to gain a possessory title as against them. He was himself a

27 *

witness, and stated what he had done.  His account is very loose
and general, and his acts are such as a man might have done in
respect to a highway or common adjoining his farm, without
any intention to assert title thereby ; and however frequent or
constant they may have been, another element is necessary to
gain a possessory title to land lying in common and uninclosed.
The acts must have been done with an intent to assert title.  The
plaintiff omitted to testify on this point, and left it to inference.
But the inference of intent drawn from external acts of this char-
acter is an inference of fact, within the province of a jury, and
not an inference of law within the province of the court.  The
evidence should therefore have been submitted to the jury, under
proper instructions from the court.

It was correctly ruled that the act of incorporation of the
town of Nahant (*St.* 1853, *c.* 114) did not transfer to the town
any real estate at that time owned by Lynn.  It gave them the
right to receive of Lynn their proportion of corporate property.
But when their proportion was ascertained, a conveyance would
be necessary to pass the title to real estate, even if this were the
land of the town of Lynn.

The statement in the report in respect to the ancient highway
is so vague that is difficult to form any opinion in regard to it.
Ordinarily, if one were to offer such proof as the plaintiff did,
to establish his prior possessory title, namely, turning out his
cows to graze, and keeping off other cows from grazing on
the lot, it would be competent to rebut this proof by showing
that the whole tract was a public highway in common use.
But here was a tract of about forty rods in length and from nine
to twelve rods in width, and the offer was merely to prove that
an ancient highway had crossed the land in controversy, which
had been superseded by another way, and for about thirteen
years, but never formally discontinued.  What part of the land
is crossed, or whether it crossed that part where the defendants
removed the plaintiff's fence, was not stated in the offer.  The
court cannot see without the evidence that proof of such a way
would rebut the plaintiff's proof of possessory title.

*Exceptions sustained.*